# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DEMETRIUS BRADLEY, and PAUL DELGADO, Individually, on Behalf of Themselves, and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>H2S HOLDINGS, LLC and HERE TO SERVE RESTAURANTS, INC. in their own individual capacities and d/b/a AJA, d/b/a COAST, d/b/a COAST JOHNS CREEK, d/b/a NOCHE BROOKHAVEN, d/b/a NOCHE VININGS, d/b/a NOCHE VIRGINIA – HIGHLAND, d/b/a PRIME, d/b/a/ SHUCKS, d/b/a SMASH, d/b/a STRIP, d/b/a TWIST, and d/b/a CRUST BAKERY,<br><br>Defendants. | Case No:<br><br>**CLASS ACTION COMPLAINT FOR VIOLATION OF THE WORKER ADJUSTMENT AND RETRAINING NOTIFICATION ACT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Demetrius Bradley and Paul Delgado ("Plaintiffs"), individually and on behalf of all others similarly situated, by their attorneys, allege upon information and belief (except for their own acts, which are alleged on knowledge) based upon, *inter alia,* the investigation of counsel, as follows:

## NATURE OF THE CLAIM

1. This is a class action on behalf of all former employees of H2S HOLDINGS, LLC and HERE TO SERVE RESTAURANTS, INC. in their own individual capacities and d/b/a AJA, d/b/a COAST, d/b/a COAST JOHNS CREEK, d/b/a NOCHE BROOKHAVEN, d/b/a NOCHE VININGS, d/b/a NOCHE VIRGINIA – HIGHLAND, d/b/a PRIME, d/b/a/ SHUCKS, d/b/a SMASH, d/b/a STRIP, d/b/a TWIST, and d/b/a CRUST BAKERY (collectively, "Here To Serve" or the "Company") who were terminated without cause on or about October 5, 2015, in violation of the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq.* ("WARN Act").

2. Here To Serve is a single employer under the WARN Act that controlled eleven restaurants in Atlanta. On or about October 5, 2015, Here to Serve laid off approximately 1,000 employees without providing the required written, advance notice.

3. The WARN Act provides, in relevant part, that an employer within the scope of the WARN Act "shall not order a plant closing or mass layoff until the end of a 60-day period after the employer serves written notice of such an order." 29 U.S.C. § 2102(a).

4. Accordingly, Plaintiffs, on behalf of themselves and some 1,000 similarly situated former employees of Here to Serve, seek to recover sixty days' wages and benefits from Here To Serve pursuant to 29 U.S.C. § 2104.

## JURISDICTION AND VENUE

5. The federal law claim asserted herein arises under the WARN Act, codified at 29 U.S.C. § 2101 *et seq*.

6. This Court has subject matter jurisdiction over the WARN Act claim pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2104(a)(5).

7. This Court has jurisdiction over each defendant named herein because each defendant has sufficient minimum contacts with this District so as to render the exercise of jurisdiction by the District Court permissible under traditional notions of fair play and substantial justice.

8. This action is not a collusive one to confer jurisdiction on a court of the United States which it would not otherwise have.

9. Venue is proper in this Court pursuant to 29 U.S.C. § 2104(a)(5) because Here To Serve's principal place of business is in this district.

## THE PARTIES

10. Plaintiff Demetrius Bradley was employed by Here To Serve until her termination on or around October 5, 2015.

11. Plaintiff Paul Delgado was employed by Here To Serve until his termination on or around October 5, 2015.

12. At all relevant times, Defendant H2S Holdings, LLC was a Georgia limited liability company with its principal place of business located at 2137 Manchester Street, Atlanta, Georgia 30324.

13. At all relevant times Defendant Here To Serve Restaurants, Inc. was a Georgia corporation with its principal place of business located at 2137 Manchester Street, Atlanta, Georgia 30324.

14. At all relevant times, Defendant Here To Serve Restaurants, Inc. was doing business as Coast, Coast Johns Creek, Noche Brookhaven, Noche Vinings, Noche Virginia – Highlands, Prime, Shucks, Smash, Strip, Twist, and Crust Bakery. As stated on Defendants' website, "Here To Serve Restaurants is comprised of 8 unique dining concepts with 11 locations throughout Atlanta."

15. Defendants maintained, owned, and operated facilities at 2137 Manchester Street, Atlanta, Georgia 30324 (H2S Holdings, LLC and Here To Serve, Inc.), 111 West Paces Ferry Rd NW, Atlanta, Georgia 30305 (Coast), 3719 Old Alabama Road, Johns Creek, Georgia 30022 (Coast Johns Creek), 705 Town Boulevard, Atlanta, Georgia 30319 (Noche Brookhaven), 2850 Paces Ferry Rd SE, Atlanta, Georgia 30339 (Noche Vinings), 1000 Virginia Avenue NE, Atlanta,

Georgia 30306 (Noche Virginia – Highland), 3393 Peachtree Rd NE, Atlanta, Georgia 30326 (Prime), 705 Town Boulevard, Suite 320, Atlanta, Georgia 30319 (Shucks), 804 Town Boulevard, Atlanta, Georgia 30319 (Smash), Atlantic Station, 245 18th Street, Atlanta, Georgia 30363 (Strip), and 3500 Peachtree Rd NE, Atlanta, Georgia 30326 (Twist).

16. Each facility is subject to the requirements of the WARN Act.

17. Defendants are under common control and constitute a single employer under the WARN Act.

## SUBSTANTIVE ALLEGATIONS

18. Plaintiffs bring this action individually, and on behalf of all other similarly situated former employees of Here To Serve (hereinafter, "Class Members"), seeking sixty days' wages and benefits in recompense for their termination, without notice or cause, in violation of the WARN Act, and for unpaid wages.

19. On or about September 25, 2015, employees who had not received their paychecks from Defendants were reassured that they would receive their pay. The Class Members were not paid at that time because Defendants' payroll administrator did not receive sufficient funds from Here To Serve to cover Defendants' payroll.

20. On or around October 5, 2015, the Class Members were informed that Defendants' operations would cease. The Class Members did not receive any form of written notice relating to the terminations from Here To Serve prior to the date on which they were terminated.

21. The Class Members' termination by Defendants on or around October 5, 2015 was not for cause.

22. The Class Members' termination by Defendants on or around October 5, 2015 was a plant closing or mass layoff within the meaning of the WARN Act.

## CLASS ACTION ALLEGATIONS

23. Plaintiffs bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and 29 U.S.C. § 2104(a)(5) on behalf of themselves and all other Class Members, each of whom was terminated without cause on or about October 5, 2015 by Here To Serve.

24. The Class Members are so numerous that joinder of all Class Members is impracticable. The disposition of their claims in a class action will provide substantial benefits to the parties and the Court.

25. The precise number of Class Members is unknown to Plaintiffs at this time and can only be ascertained through appropriate discovery. Plaintiffs believe that there are approximately 1,000 members in the proposed class. The identity,

recent address, rate of pay, and afforded benefits of all Class Members may be ascertained from records maintained by Here To Serve, and Class Members may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in like class actions.

26.     Plaintiffs' claims are typical of the Class Members' because Plaintiffs, like all other Class Members, were the subject of Defendants' wrongful conduct, namely: termination without sixty days' advance notice.

27.     Plaintiffs will fairly and adequately protect the interests of all Class Members and have retained counsel experienced in class action litigation. Plaintiffs have no interests which conflict with those of the class identified herein.

28.     Questions of law and fact common to all Class Members predominate over any questions solely affecting individual Class Members and include:

    (a)     whether the Class Members were employed by Here To Serve;

    (b)     whether Here To Serve terminated the Class Members without cause;

    (c)     whether Here To Serve provided sixty days' advance written notice prior to the Class Members' termination;

(d) whether Here To Serve paid sixty days' wages and provided sixty days' benefits to the Class Members in connection with their termination; and

(e) how to calculate damages pursuant to the WARN Act.

29. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Consideration of this controversy as a class action will eliminate the need for duplicative litigation, as well as the possibility of inconsistent and varying judgments and standards of conduct for Here To Serve. Moreover, class action litigation is particularly appropriate in the WARN Act and unpaid wage context as individual Class Members may lack the financial resources necessary to prosecute discrete actions against Here To Serve, a large company with significant resources at its disposal, and individual recoveries may be too small to justify taking on the expenses concomitant with prosecuting individual actions.

## CLAIMS FOR RELIEF

### COUNT ONE
### For Violation of the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq.*
### [Against All Defendants]

30. Plaintiffs incorporate by reference each and every preceding paragraph as though fully set forth herein.

8

31. This Count is asserted by Plaintiffs on behalf of themselves and all Class Members, against Here To Serve, and is based upon the WARN Act, codified at 29 U.S.C. § 2101 *et seq.* and its implementing regulations, codified at 20 C.F.R. § 639 *et seq.*

32. Defendants constitute a business enterprise that is, and at all relevant times has been, an "employer" as that term is defined by the WARN Act and implementing regulations, employing more than 100 employees (exclusive of part-time employees) who, in the aggregate, work at least 4,000 hours per week (exclusive of overtime hours).

33. Plaintiffs and all other Class Members were "affected employees" of Defendants as that term is defined by the WARN Act and implementing regulations.

34. Plaintiffs and all other Class Members were terminated by Defendants, who ordered a "plant closing" or "mass layoff," as those terms are defined by the WARN Act and implementing regulations, that occurred on or about October 5, 2015.

35. The plant closing or mass layoff affected more than five hundred employees and/or affected more than 50 and more than 33% of any Defendant's employees at each facility within a thirty-day period.

36. Plaintiffs and all other Class Members were terminated without cause.

37. The provisions of the WARN Act required Defendants to give sixty days' advance written notice of termination to Plaintiffs and all other Class Members.

38. Defendants failed to give sixty days' advance written notice of termination to Plaintiffs, all other Class Members, the Georgia Department of Economic Development, and the chief elected official of the local government within which the plant closing or mass layoff occurred in violation of the WARN Act.

39. Defendants failed to pay to Plaintiffs and each of the Class Members sixty days' wages, provide Plaintiffs and each of the Class Members with sixty days' benefits, and give Plaintiffs and each of the Class Members all other forms of compensation to which they were entitled, following the plant closing or mass layoff, in violation of the WARN Act.

40. Plaintiffs and all other Class Members are "aggrieved employees," as that term is defined by the WARN Act and its implementing regulations, who did not receive notice either directly or through an appropriate representative.

41. Defendants are subject to a civil penalty of not more than five hundred dollars ($500) for each day of their violation as to giving notice to a unit of local government.

42. Plaintiffs, on behalf of themselves and all Class Members, will incur attorneys' fees in connection with the prosecution of this action, and are entitled to an award of reasonable attorneys' fees, costs, and disbursements pursuant to the WARN Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

(a) Declaring this action to be a proper class action pursuant to Fed. R. Civ. R. 23;

(b) Designation of Plaintiffs as Class Representatives;

(c) Designation of Levi & Korsinsky, LLP and the Law Offices of David A. Bain, LLC as Class Counsel;

(d) Damages equal to the lost pay and benefits to which Plaintiffs and all Class Members were entitled under the WARN Act;

(e) An award of reasonable attorneys' fees, costs, and disbursements pursuant to the WARN Act and any other relevant law;

(f) Pre- and post-judgment interest; and

(g) Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury.

Respectfully submitted this 28th day of October, 2015.

>*/s/ David A. Bain*
>David A. Bain
>Georgia Bar No. 032449
>LAW OFFICES OF DAVID A. BAIN, LLC
>1050 Promenade II
>1230 Peachtree Street, NE
>Atlanta, Georgia 30309
>Tel: (404) 724-9990
>Fax: (404) 724-9986
>dbain@bain-law.com
>
>Eduard Korsinsky (to be admitted *pro hac vice*)
>Christopher J. Kupka (to be admitted *pro hac vice*)
>Michael B. Ershowsky (to be admitted *pro hac vice*)
>LEVI & KORSINSKY LLP
>30 Broad Street, 24th Floor
>New York, NY 10004
>Tel: (212) 363-7500
>Fax: (212) 363-7171
>
>*Attorneys for Plaintiffs*